UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

MEGAN L. GOODYEAR,

                    Plaintiff,

        v.

STATE OF WASHINGTON, et. al.

                    Defendants.

NO:  1:17-CV-3038-TOR

ORDER DISMISSING CASE

BEFORE THE COURT is Plaintiff's Third Amended Complaint filed on October 19, 2017.  ECF No. 12.  Plaintiff Megan L. Goodyear, proceeding *pro se* and *in forma pauperis*, filed a Complaint in this Court on February 28, 2017.  ECF Nos. 2; 5.  After screening Plaintiff's complaint and finding it deficient, the Court provided Plaintiff with an opportunity to amend her complaint.  ECF No. 6.  Plaintiff submitted an amended complaint on March 3, 2017.  ECF No. 7.  The Court again found the complaint deficient, mostly for lack of jurisdiction, and again allowed Plaintiff to amend her complaint.  Plaintiff submitted her second amended complaint on July 20,

ORDER DISMISSING CASE ~ 1

2017.  ECF No. 10.  The Court found the second amended complaint deficient, also, and again allowed Plaintiff to amend.  ECF No. 11.

The Court has conducted the required screening[1] of the Third Amended Complaint (ECF No. 12) under 28 U.S.C. § 1915(e)(2) and determines that Plaintiff's amended claims do not survive screening, as discussed below.  The Court **will not** direct service of the Complaint upon Defendants.  As further discussed below, Plaintiff has failed to cure the deficiencies and the Third Amended Complaint will be Dismissed without leave to amend.

## STANDARD OF REVIEW

Section 1915(e) "not only permits but requires" the court to *sua sponte* dismiss an *in forma pauperis* complaint that is frivolous or malicious; fails to state a claim on which relief may be granted;[2] or seeks monetary relief against a

---

[1]     Although 28 U.S.C. §§ 1915 and 1915A reference "prisoners," the application of the statutes, including the requirement that the district court screen the complaint, extends to an *in forma pauperis* complaint.  *Calhoun v. Stahl*, 254 F.3d 845 (9th Cir. 2001); *Lopez v. Smith*, 203 F.3d 1122, 1126–27 (9th Cir. 2000) (en banc).

[2]     A motion to dismiss pursuant to Rule 12(b)(6) is similarly based on whether the non-moving party has failed to state a claim on which relief can be granted, so

ORDER DISMISSING CASE ~ 2

defendant who is immune from such relief. *Lopez v. Smith*, 203 F.3d 1122, 1126–27 (9th Cir. 2000) (en banc). The facts alleged in a complaint are to be taken as true and must "plausibly give rise to an entitlement to relief." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009). Mere legal conclusions "are not entitled to the assumption of truth." *Id.* The complaint must contain more than "a formulaic recitation of the elements of a cause of action." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). It must plead "enough facts to state a claim to relief that is plausible on its face." *Id.* at 570.

## DISCUSSION

Plaintiff has filed her third amended complaint, but has not cured the deficiencies previously explained in the past Orders (ECF Nos. 6; 9; 11)—*i.e.* the Defendants are immune from suit and the issue raised is a matter reserved to the state. *Puerto Rico Aqueduct & Sewer Auth. v. Metcalf & Eddy, Inc.*, 506 U.S. 139, 144 (1993) ("Absent waiver, neither a State nor agencies acting under its control may 'be subject to suit in federal court.'"); *Safouane v. Fleck*, 226 F. App'x at 758 ("Under the *Rooker–Feldman* doctrine, federal courts lack jurisdiction to determine whether the proceedings regarding parental rights with respect to [their] children were valid,

---

Rule 12(b)(6) standards govern a § 1915 review for legal sufficiency. *Knapp v. Hogan*, 738 F.3d 1106, 1109 (9th Cir. 2013).

ORDER DISMISSING CASE ~ 3

because those proceedings were concluded before the filing of this action."); *H.C. ex rel. Gordon v. Koppel*, 203 F.3d 610, 612–14 (9th Cir. 2000) (citations altered; internal brackets in original) ("Plaintiffs desire wholesale federal intervention into an ongoing state domestic dispute. They seek vacation of existing interlocutory orders, and a federal injunction directing the future course of the state litigation. This is not the proper business of the federal judiciary.").

   If anywhere, the matter brought before the Court must be addressed at the state level, whether that be through state courts or through the procedures established by the Washington Child Protection Service.

**ACCORDINGLY, IT IS ORDERED:**

1. The claims asserted in Plaintiff's Third Amended Complaint (ECF No. 12) are **DISMISSED, WITHOUT LEAVE TO AMEND**.

2. The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal of this Order would not be taken in good faith and would lack any arguable basis in law or fact. Plaintiff's *in forma pauperis* status is hereby **REVOKED**.

   The District Court Executive is directed to enter this Order, and Judgment accordingly, forward copies to Plaintiff, and **CLOSE** the file.

   **DATED** December 15, 2017.



                            THOMAS O. RICE
                Chief United States District Judge

ORDER DISMISSING CASE ~ 4